OPINION
STATEMENT OF THE FACTS AND CASE
This is an appeal from the Perry County Court, incorrectly stated as from the Common Pleas Court in appellant's brief.
While no Assignment of Error is separately stated. We shall accept the issue presented as the Assignment of Error.
Appellant's Assignment of Error was from a finding of guilty in passing a stopped school bus in violation of R.C. § 4511.75, which determination is the asserted error.
Appellant is employed as a supervisor for construction by the Ohio Department of Transportation.
The northbound lane of traffic of State Route 13, within Somerset, Ohio was closed to traffic for resurfacing and appellant was supervising such project.
A complaint of water damage to a yard and driveway during such construction was received. Appellant, in the course of checking such problem, was proceeding south in the closed construction lane.
A school bus was proceeding in the open, traveled lane.
The school bus driver testified that he brought the bus to a stop with red flashing lights activated.
Appellant's version is that the bus was still moving with its amber lights on.
Appellant testified that his strobe warning lights were in operation.
Notwithstanding this difference in testimony, the sole issue is whether R.C. § 4511.04 was applicable to appellant.
Such section states:
§§ 4511.04 Exceptions.
Text of Statute
 Sections 4511.01 to 4511.78, inclusive, section 4511.99, and sections 4513.01 to 4513.37, inclusive, of the Revised Code do not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work upon the surface of a highway within an area designated by traffic control devices, but apply to such persons and vehicles when traveling to or from such work.
 The drivers of snow plows, traffic line stripers, road sweepers, mowing machines, tar distributing vehicles, and other vehicles utilized in snow and ice removal or road surface maintenance, while engaged in work upon a highway, provided such vehicles are equipped with flashing lights and such other markings as are required by law, and such lights are in operation when the vehicles are so engaged shall be exempt from criminal prosecution for violations of sections 4511.22, 4511.25, 4511.26, 4511.27, 4511.28, 4511.30, 4511.31, 4511.33, 4511.35, and 4511.66 of the Revised Code. Such exemption shall not apply to such drivers when their vehicles are not so engaged. This section shall not exempt a driver of such equipment from civil liability arising from the violation of sections 4511.22, 4511.25, 4511.26, 4511.27, 4511.28, 4511.30, 4511.31, 4511.33, 4511.35, and 4511.66 of the Revised Code.
The decision of the trial court was:
 "In the present case, the Court FINDS that the area [SIC] in which the alleged area occurred, was in fact, designated by traffic control devices. However, the Court further FINDS that testimony of the Defendant, along with his passenger, indicated that they were simply traveling to an area to look at a potential problem, within the area designated by the traffic control devices, as is exhibited by Defendant's Exhibit A. A closer reading of the statute, however, goes on to designate in the Court's mind specifically what types of vehicles are to be considered by the Court with regard to this statute, and the Court FINDS that the automobile in which the Defendant was traveling, in this Court's opinion, does not qualify for the exceptions cited under ORC § 4511.04. It should be noted that the father felt compelled to actually chase down the vehicle driven by the Defendant and confront him with regard to the concern that he had for the safety and well being of his daughter as a result of the Defendant's actions."
Based upon such decision, the question is not whether appellant, as construction supervisor, was actually engaged in work upon the surface of the highway even though the trial court found appellant was traveling to look at a potential problem. The trial court based its decision on a conclusion that appellant's vehicle was not the type included within the R.C. § 4511.04 exemption rather than the relationship of appellant's duties to the project.
The issue therefore is whether appellant's Ford Taurus automobile is a motor vehicle.
Section R.C. § 4511.01(B) defines "Motor Vehicle":
 (B) "Motor vehicle" means every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, hole-digging machinery, well-drilling machinery, ditch-digging machinery, farm machinery, trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a street or highway at a speed of twenty-five miles per hour or less, threshing machinery, hay-baling machinery, agricultural tractors and machinery used in the production of horticultural, floricultural, agricultural, and vegetable products, and trailers designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a street or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less.
We must therefore conclude that appellant's automobile was a motor vehicle included within the exemption from prosecution for violation of R.C. § 4511.75 and agree with appellant.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Ohio is Reversed and Remanded.
Costs to appellee.
Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur. Hon. Julie A. Edwards, P.J. dissents.